# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>Nicki M. Todaro,<br>                Debtor/Plaintiff,<br><br>    vs.<br><br>Wells Fargo Bank, N.A.,<br>                Defendant. | Case No. 19-23010-CMB<br><br>Chapter No. 13<br><br>Adversary No. 20-02035-CMB<br><br>Related to Document Nos. 1, 24 |

## ANSWER TO COMPLAINT TO DETERMINE SECURED STATUS

AND NOW, comes the Defendant, Wells Fargo Bank, N.A., by and through its counsel, Bradley A. King, Esquire, and King Legal Group, LLC, and files the within Answer to Complaint to Determine Secured Status, more particularly as follows:

1. The allegations set forth in paragraph 1 are denied in that the voluntary petition is a writing that can be read on its own terms, requiring no further response thereto herein.

2. The allegations set forth in paragraph 2 are denied in that the same constitute a conclusion of law at issue by operation of law, requiring no further response thereto herein, and the Mortgage is a writing that can be read on its own terms, requiring no further response thereto herein.

3. The allegations set forth in paragraph 3 are denied in that the voluntary petition is a writing that can be read on its own terms, requiring no further response thereto herein.

4. The allegations set forth in paragraph 4 are denied in that the same constitute a conclusion of law at issue by operation of law, requiring no further response thereto herein, and/or after reasonable investigation Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 4 and strict proof of

1

the same is demanded at the time of trial. If, and only if, a response is required, it is specifically denied that the PNC Mortgage has a lien against the Debtor's primary residence that is superior to the lien of the Defendant's Mortgage against the premises.

5. The allegations set forth in Paragraph 5 are denied in that the Debtor's Chapter 13 Plan is a writing that can be read on its own terms, requiring no further response thereto herein.

6. The allegations set forth in paragraph 6 are denied in that the same constitute a conclusion of law at issue by operation of law, requiring no further response thereto herein. If, and only if, a response is required, this is not a "core" proceeding under the Bankruptcy Code, as (a) the filing of the bankruptcy case did not give rise to this dispute and (b) the state courts can adjudicate the issues of whether the PNC line of credit should have been terminated and the PNC Mortgage should have been satisfied of record upon payoff by the loan proceeds provided by the Defendant in exchange for the execution of Defendant's Mortgage, whether the Debtor/Plaintiff committed fraud, bad faith and/or has unclean hands with respect to her use of the line of credit after payoff of the same using the loan proceeds provided by Defendant in exchange for the execution of Defendant's Mortgage, and whether the Defendant's Mortgage should have first lien position against the property superior to that of the alleged lien of the PNC Mortgage.

WHEREFORE, the Defendant, Wells Fargo Bank, N.A., respectfully requests that this Honorable Court dismiss the Complaint and order that Wells Fargo Bank, N.A., has the right to enforce the mortgage, the recorded mortgage creates a valid and enforceable mortgage first lien against the property to serve as security for the mortgage, Wells Fargo maintains a secured claim, and the lien of the Mortgage against the Property is superior to the alleged lien of the PNC Mortgage, and/or the Defendant can proceed with the civil action in state court to determine the priority of mortgage liens against the Property.

## AFFIRMATIVE DEFENSES

7. Defendant hereby incorporates its responses in Paragraphs 1-6 above by reference herein, as if the same were fully set forth herein.

### First Affirmative Defense

8. On or about August 11, 2009, the Debtor applied for a loan in the amount of $69,190.00 from Wells Fargo Bank, N.A., in order to refinance, payoff and satisfy the PNC line of credit and PNC Mortgage, while promising that the Defendant's Mortgage would have first lien position against the Property known as 736 2nd Street, Newell, PA 15466 (hereinafter called "Property").

9. The Defendant agreed to provide and the Debtor received the loan proceeds in the amount of $69,190.00 in exchange for the following promises of the Debtor: (1) the Debtor would execute the Mortgage; (2) the Defendant's Mortgage would have first lien position against the Property known as 736 2nd Street, Newell, PA 15466; (3) the PNC line of credit, repayment of which was secured by the PNC Mortgage, would be terminated and/or the Debtor would no longer use the line of credit; (4) and the PNC Mortgage would be satisfied of record upon the payoff of the same using the loan proceeds provided by the Defendant.

10. The Debtor used the loan proceeds received from the Defendant to payoff the PNC line of credit and PNC Mortgage.

11. The Debtor failed to take the necessary action to ensure that the line of credit was terminated and no longer used and failed to ensure that the PNC Mortgage was satisfied.

12. The Debtor was aware that the loan proceeds would not have been provided by the Defendant if the Debtor did not promise to close out the PNC line of credit and/or cease using such line of credit after the payoff of the same.

13. The Debtor was also aware that the loan proceeds would not have been provided to the Debtor if the Debtor did not also agree to ensure that the Mortgage had first lien position against the Property superior to the lien of any other mortgage or encumbrance against the Property.

14. The Debtor executed the HUD-1 Settlement Statement agreeing to the payoff of the PNC Mortgage as well as other debts of the Debtor at the time of the closing on the loan transaction with the Defendant on or about August 11, 2009.

15. The Defendant justifiably relied upon the Debtor's promises that she would cease using and terminate the PNC line of credit after payoff of the same using the loan proceeds received from the Defendant and that the Debtor would ensure that the Mortgage had first lien position against the Property.

16. The Debtor's promises to ensure the termination of the PNC line of credit after payoff and that she would cease using the line of credit thereafter were fraudulent misrepresentations of her intentions following the closing of the loan transaction with the Defendant.

17. The Debtor's fraudulent misrepresentations were calculated to induce the Defendant to provide the loan proceeds to her and payoff her line of credit so that she could continue using the line of credit, without ensuring that the Defendant's Mortgage held first lien position against the Property as security for the repayment of the Defendant's loan to the Debtor.

18. Following the closing on the loan transaction with the Defendant from which the PNC Mortgage and line of credit were paid off in full, the Debtor proceeded to fraudulently draw additional funds from the line of credit despite her knowledge that the Defendant would not have provided the loan proceeds to her if she did not agree to cease using the line of credit.

19. As a result, the Debtor defrauded the Defendant by misrepresenting to the Defendant that she would cease using the line of credit after payoff of the same and by

misrepresenting that she would ensure that the Defendant's Mortgage held first lien position against the Property after execution of the Mortgage.

20. The Defendant will suffer an almost complete loss of the loan proceeds provided to the Debtor if this Court grants the relief requested by Debtor and determines that the Defendant's Mortgage and claim are completely unsecured.

21. The Debtor will have effectively converted the loan proceeds provided to her by fraudulently drawing from the line of credit after the closing on the Defendant's loan and commencing this bankruptcy seeking, in bad faith, a determination that the Defendant's claim is unsecured.

22. This Court will be rewarding the Debtor for the Debtor's fraud and bad faith in seeking to deem the Defendant's claim unsecured as part of her Bankruptcy Plan in violation of 11 U.S.C.A. § 1129(a)(3), if the Court grants the relief requested by the Debtor and upholds the Debtor's Bankruptcy Plan.

23. Therefore, the Debtor has committed fraud and has brought this action in bad faith.

24. As a result, the Debtor should not be entitled to avoid or set aside the lien of the Defendant's Mortgage against the Property, she should not be permitted to deem the Defendant's claim unsecured, and she should be responsible for ensuring that the Defendant's Mortgage holds first lien position against the Property as she promised the Defendant at the time of the closing.

<u>Second Affirmative Defense</u>

25. This Court lacks jurisdiction.

<u>Third Affirmative Defense</u>

26. Debtor's Complaint fails to state a cause of action upon which relief may be granted.

### Fourth Affirmative Defense

27. Debtor's claims are barred by the doctrines of estoppel and/or waiver.

### Fifth Affirmative Defense

28. Debtor's claims are barred by the applicable statute of limitations.

### Sixth Affirmative Defense

29. The validity of the PNC Mortgage and its lien against the Property and the lien priority thereof must be litigated and determined before disposition of the Debtor's claims set forth in her Complaint.

### Seventh Affirmative Defense

30. The Defendant's Mortgage, and the repayment of the Defendant's loan to the Debtor, is secured only by Property that is the Debtor's primary residence.

31. On the Debtor's Chapter 13 Plan, the Debtor listed the arrearages on the PNC line of credit as $6,800.00.

32. PNC filed Amended Proof of Claim No. 12-3 on January 29, 2020, indicating that the amount to cure the default on the line of credit was $7,438.01.

33. As a result, if it is determined that the PNC Mortgage lien against the Property should not be set aside or subordinated, which the Defendant specifically contests herein, the amount of PNC's secured claim should be limited to $7,438.01 and the Defendant's claim should be fully secured due to the remaining equity in the Property in excess of the amount to cure the default on PNC's Mortgage.

34. In the alternative, even if this Court determines that the amount of PNC's secured claim should be the full amount listed in PNC's Amended Proof of Claim, which the Defendant specifically contests, the Defendant avers that the value of the Property is well in excess of the value alleged by the Debtor and the total amount of the PNC claim.

35. In either scenario, the Debtor is precluded from modifying the Defendant's claim from a secured claim to an unsecured claim by reason of the application of 11 U.S.C.A. § 1322(b)(2).

### Eighth Affirmative Defense

36. The Debtor's claims are barred by the Debtor's bad faith and the doctrine of unclean hands with respect to the mortgages/loans provided by the Defendant and National City Bank/PNC Bank and the filing of the bankruptcy petition.

### Ninth Affirmative Defense

37. On or about August 11, 2009, the Debtor received the loan proceeds in the amount of $69,190.00 from the Defendant, in exchange for the promise of the Debtor to execute and deliver, as security for said loan, a Mortgage in favor of the Defendant to hold first lien position against the Property and the promise of the Debtor to terminate the PNC line of credit and ensure that the line of credit was no longer used.

38. The Debtor used the loan proceeds to payoff the line of credit and the PNC Mortgage.

39. The Debtor breached her promises to the Defendant when she failed and/or refused to ensure the termination of the line of credit, satisfaction of the PNC Mortgage, and she drew additional funds from the line of credit after its payoff.

40. If this Honorable Court finds that the Defendant's claim is unsecured and the Debtor does not have to take all necessary actions to ensure that the Defendant's Mortgage holds first lien position against the Property, then the Defendant alleges, in the alternative, that the Debtor will be unjustly enriched by the amount of the Mortgage due to the Defendant's lack of superior security interest in the Property to secure the repayment of the loan.

41. Therefore, this Honorable Court should order that the lien of the Defendant's Mortgage is attached and applies to the Property as a first lien against the same and the Defendant maintains a secured claim.

## Tenth Affirmative Defense

42. If this Honorable Court rules that the Defendant cannot enforce the Mortgage against the Property and the Defendant's claim is unsecured, then the Defendant will not have adequate security for the repayment of the loan in the amount of $69,190.00 received and used by the Debtor to payoff the PNC line of credit and satisfy the PNC Mortgage.

43. Defendant would not have the mortgage lien upon the Property, which was promised by the Debtor and the intent of the parties at the execution of the Mortgage.

44. Defendant will suffer an almost complete loss of the loan proceeds given to the Debtor if the Defendant's Mortgage lien is avoided, in whole or in part, or the lien of the Mortgage is not applied to the Property as a first lien.

45. As a result of the receipt and use of the loan proceeds by the Debtor to pay off all prior mortgages and liens encumbering the Property, the Defendant has an equitable subrogation right to a first lien in the full amount of the Mortgage upon the Property, as security for the Mortgage, to ensure the Defendant's secured claim in this Bankruptcy.

## Eleventh Affirmative Defense

46. PNC Bank and/or its predecessor in interest intentionally and/or recklessly failed to terminate the line of credit and satisfy the PNC Mortgage upon payoff of the same from the loan proceeds provided by the Defendant, which was contrary to the promises and representations made by PNC's predecessor in interest to the Defendant prior to the closing of the Defendant's loan.

47. Therefore, PNC Bank's Mortgage lien against the Property should be set aside and extinguished and/or subordinated to the lien of the Defendant's Mortgage to provide the Defendant's Mortgage a first lien against the Property, as intended and promised.

### Twelfth Affirmative Defense

48. Based upon the foregoing allegations herein, the Defendant is entitled to quiet the claims and title of PNC Bank and the Debtor to the Property in favor of the Defendant's claim to and Mortgage lien against the Property, confirming the Defendant's secured claim in the Bankruptcy.

49. Defendant reserves the right to amend its answer and to assert any affirmative defenses, counterclaims, and/or crossclaims which come to light during the course of and after the completion of discovery.

WHEREFORE, the Defendant, Wells Fargo Bank, N.A., respectfully requests that this Honorable Court dismiss the Complaint and order that Wells Fargo Bank, N.A., has the right to enforce the mortgage, the recorded mortgage creates a valid and enforceable mortgage first lien against the property to serve as security for the mortgage, Wells Fargo maintains a secured claim, and the lien of the Mortgage against the Property is superior to the alleged lien of the PNC Mortgage, and/or the Defendant can proceed with the civil action in state court to determine the priority of mortgage liens against the Property.

### **COUNTERCLAIM-FRAUD/BAD FAITH**
### **Defendant v. Debtor**

50. Defendant hereby incorporates Paragraphs 1-49 above by reference herein, as if the same were fully set forth herein.

51. The Debtor used the loan proceeds received from the Defendant to payoff the PNC line of credit and PNC Mortgage.

9

52. The Debtor failed to take the necessary action to ensure that the line of credit was terminated and no longer used and to ensure that the PNC Mortgage was satisfied following the payoff of the same.

53. The Debtor was aware that the loan proceeds would not have been provided by the Defendant if the Debtor did not promise to close out the PNC line of credit and/or cease using such line of credit after the payoff of the same.

54. The Debtor was also aware that the loan proceeds would not have been provided if she did not also agree to ensure that the Mortgage had first lien position against the Property superior to the lien of any other mortgage or encumbrance against the Property.

55. The Defendant justifiably relied upon the Debtor's promise that she would cease using and terminate the PNC line of credit after payoff of the same and that the Debtor would ensure that the Mortgage had first lien position against the Property.

56. The Debtor's promises that she would terminate and cease using the PNC line of credit after payoff of the same were fraudulent misrepresentations of her intentions following the closing of the loan transaction with the Defendant.

57. The Debtor's fraudulent misrepresentations were calculated to induce the Defendant to provide the loan proceeds to her and payoff her line of credit so that she could continue using the line of credit without ensuring that the Defendant's Mortgage held first lien position against the Property.

58. Following the closing on the loan transaction with the Defendant, the Debtor intentionally and fraudulently drew additional funds from the line of credit after payoff of the same despite her knowledge that the Defendant would not have provided the loan proceeds to her if she did not agree to cease using the line of credit following the payoff of the same.

10

59. As a result, the Debtor defrauded the Defendant by intentionally breaching her promises to the Defendant that she would cease using the line of credit after payoff, she would terminate the line of credit, and ensure that the Defendant's Mortgage held first lien position against the Property.

60. The Defendant will suffer an almost complete loss of the loan proceeds provided to the Debtor if this Court grants the relief requested by Debtor and determines that the Defendant's Mortgage and claim are completely unsecured.

61. This Court will be rewarding the Debtor for the Debtor's fraud and bad faith in seeking to deem the Defendant's claim unsecured as part of her Bankruptcy Plan in violation of 11 U.S.C.A. § 1129(a)(3), if the Court grants the relief requested by the Debtor and upholds the Debtor's Bankruptcy Plan.

62. Therefore, this Honorable Court should order that the lien of the Defendant's Mortgage is attached and applies to the Property as a first lien against the same and the Defendant holds a secured claim in this Bankruptcy.

63. If this Honorable Court determines that the matters raised by the Debtor in the Complaint are a "core" proceeding pursuant to 11 U.S.C. § 157 and § 1334, then this counterclaim is a "core" proceeding pursuant to 11 U.S.C. § 157 and § 1334.

WHEREFORE, the Defendant, Wells Fargo Bank, N.A., respectfully requests that this Honorable Court dismiss Plaintiff's Complaint and apply the lien of the mortgage to Debtor's Property, as a first lien against the same, to be security for the Mortgage and order that the Defendant holds a secured claim in the Bankruptcy.

### COUNTERCLAIM-UNJUST ENRICHMENT
### Defendant v. Debtor

64. Defendant hereby incorporates Paragraphs 1-63 above by reference herein, as if the same were fully set forth herein.

65. On or about August 11, 2009, the Debtor received the loan proceeds in the amount of $69,190.00 from the Defendant, in exchange for the promise of the Debtor to execute and deliver, as security for said loan, a Mortgage in favor of the Defendant to hold first lien position against the Property and the promise of the Debtor to terminate the PNC line of credit and ensure that the line of credit was no longer used.

66. The Debtor used the loan proceeds to payoff the line of credit and the PNC Mortgage.

67. The Debtor breached her promises to the Defendant when she failed and/or refused to ensure the termination of the line of credit, satisfaction of the PNC Mortgage, and she drew additional funds from the line of credit after its payoff.

68. If this Honorable Court finds that the Defendant's claim is unsecured and the Debtor does not have to take all necessary actions to ensure that the Defendant's Mortgage holds first lien position against the Property, then the Defendant alleges, in the alternative, that the Debtor will be unjustly enriched by the amount of the Mortgage due to the Defendant's lack of superior security interest in the Property to secure the repayment of the loan.

69. Therefore, this Honorable Court should order that the lien of the Defendant's Mortgage is attached and applies to the Property as a first lien against the same and the Defendant holds a secured claim.

70. If this Honorable Court determines that the matters raised by the Debtor in the Complaint are a "core" proceeding pursuant to 11 U.S.C. § 157 and § 1334, then this counterclaim is a "core" proceeding pursuant to 11 U.S.C. § 157 and § 1334.

WHEREFORE, the Defendant, Wells Fargo Bank, N.A., respectfully requests that this Honorable Court dismiss Plaintiff's Complaint and apply the lien of the mortgage to Debtor's Property, as a first lien against the same, to be security for the Mortgage and order that the Defendant holds a secured claim in the Bankruptcy.

## COUNTERCLAIM-EQUITABLE SUBROGATION
### Defendant v. Debtor

71. Defendant hereby incorporates Paragraphs 1-70 above by reference herein, as if the same were fully set forth herein.

72. The Defendant provided the loan to Debtor and paid off the PNC Mortgage/line of credit upon the condition that the Defendant's Mortgage would have a first lien against the Property and the Debtor would terminate and cease all use of the PNC line of credit after payoff of the same.

73. If this Honorable Court rules that the Defendant cannot enforce the Mortgage against the Property and the Defendant does not have a secured claim, then the Defendant will not have adequate security for the repayment of the loan in the amount of $69,190.00 received by the Debtor and used to pay off the PNC line of credit and the PNC Mortgage encumbering the Property as well as other debts of the Defendant.

74. Defendant would not have an indisputable first lien upon the Property and a secured claim in this Bankruptcy, which was promised to the Defendant and the intent of the parties at the execution of the Mortgage.

75. Defendant will suffer an almost complete loss of the loan proceeds given to Debtor if the Defendant's lien is avoided, the Defendant's claim no longer has secured status, and the lien of the Mortgage is not applied to the property.

76. As such, the Defendant has an equitable subrogation right to a first lien upon the Debtor's Property as security for the Mortgage and repayment of the loan and, in turn, a secured claim in this Bankruptcy.

77. If this Honorable Court determines that the matters raised by the Debtor in the Complaint are a "core" proceeding pursuant to 11 U.S.C. § 157 and § 1334, then this counterclaim is a "core" proceeding pursuant to 11 U.S.C. § 157 and § 1334.

WHEREFORE, the Defendant, Wells Fargo Bank, N.A., respectfully requests that this Honorable Court dismiss Plaintiff's Complaint and apply the lien of the Mortgage to the Debtors' Property as security for the mortgage and as a first lien against the Property and order that the Defendant holds a secured claim in the Bankruptcy.

## **COUNTERCLAIM- QUIET TITLE**
**Defendant v. Debtor**

78. Defendant hereby incorporates Paragraphs 1-77 above by reference herein, as if the same were fully set forth herein.

79. The following is an abstract of title for the Property:

   a. Nick M. Todaro and Vincent D. Todaro, her husband, acquired title to the Property in Deed dated June 7, 1990, and recorded on June 7, 1990 in the Office of the Recorder of Deeds in and for Fayette County, Pennsylvania, in Record Book Volume 696, at page 140, being the parcel of land situate in the Borough of Newell, Fayette County, Pennsylvania, having a mailing address of 736 2nd Street, Newell, PA 15466, and is designated as Fayette County Tax Parcel ID Number 23-02-0007. Upon information received, the said Vincent D. Todaro passed away on August 30, 2005, passing all of his right, title and interest in the Property to Nick M. Todaro as surviving tenant of the entireties.

   b. Nick M. Todaro pledged her interest in the Property as collateral for an Open-End Mortgage up to the maximum principal sum of $50,000.00 in favor of National City Bank dated April 23, 2007 and recorded on May 11, 2007 in the Office of the Recorder of Deeds in and for Fayette County, Pennsylvania at Instrument Number 200700006581. Upon information received, thereafter, PNC Bank, N.A., became the successor by merger to National City Bank.

      c. Nicki M. Todaro then pledged her interest in the Property as collateral for a Mortgage in favor of Wells Fargo Bank, N.A. in the amount of $69,190.00 in favor of Wells Fargo, encumbering the Property, which was dated August 11, 2009 and recorded on August 19, 2009 in the Office of the Recorder of Deeds in and for Fayette County, Pennsylvania at Instrument Number 200900009878, which was intended to be a first lien against the Property.

80. The loan proceeds were distributed by Defendant and used by the Debtor to pay off the line of credit and to satisfy the PNC Mortgage encumbering the Property.

81. The payoff of the line of credit and the PNC Mortgage was provided upon the condition that PNC line of credit would be terminated and the PNC Mortgage would be satisfied of record, so that Defendant's Mortgage would hold first lien position against the Property.

82. The Debtor failed and/or refused to terminate the line of credit, cease using the line of credit, and to ensure the satisfaction of the PNC Mortgage, as promised and intended.

83. As such, the abstract of title for the Property contains errors, contrary to the parties' intent and promises, due to the failure of the Debtor to cease using the line of credit and to satisfy the PNC Mortgage after the payoff of the line of credit from the loan proceeds provided by Defendant, which would have resulted in Defendant's Mortgage encumbering the Property as a first lien against the Property, as promised and intended by the parties, and Defendant maintaining a secured claim for the same in the Bankruptcy.

84. Defendant's claim and Mortgage lien against the Property should be superior to the claims of the Debtor and PNC Bank as well as the lien of the PNC Mortgage against the Property and Defendant should retain a secured claim in the Bankruptcy.

WHEREFORE, the Defendant, Wells Fargo Bank, N.A., respectfully requests that this Honorable Court dismiss Plaintiff's Complaint and set aside, extinguish, and avoid the lien of the PNC Mortgage against the Property, quiet the Debtor's and PNC Bank's claim to the Property,

and deem PNC Bank's claim to be unsecured, Defendant's claim to be a secured claim in the Bankruptcy, and Defendant's Mortgage to be a first lien against the Property.

Respectfully submitted,

KING LEGAL GROUP, LLC

By: /s/ Bradley A. King
    Bradley A. King, Esquire
    PA ID No. 307090
    114 North Maple Avenue
    Greensburg, PA 15601
    (724) 836-1500 (Telephone)
    (724) 836-1668 (Facsimile)
    bking@kinglg.com
    Attorney for Defendant, Wells Fargo
    Bank, N.A.

Date: April 29, 2020