### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>Nicki M. Todaro,<br>          Debtor/Plaintiff,<br>     vs.<br><br>Wells Fargo Bank, N.A.,<br>          Defendant. | Case No. 19-23010-CMB<br><br>Chapter No. 13<br><br>Adversary No. 20-02035-CMB<br><br>Related to Document No. 1, 10, 24 |
| Wells Fargo Bank, N.A.,<br>          Third Party Plaintiff,<br>     vs.<br><br>PNC Bank, N.A.,<br>          Third Party Defendant. | |

### **THIRD PARTY COMPLAINT**

AND NOW, comes the Defendant/Third Party Plaintiff, Wells Fargo Bank, N.A., by and through its counsel, Bradley A. King, Esquire, and King Legal Group, LLC, and sets forth the within Third Party Complaint against Third Party Defendant, PNC Bank, N.A., more particularly as follows:

1.    The Third Party Plaintiff, Wells Fargo Bank, N.A., (hereinafter "Wells Fargo") is a corporation authorized to do business in the Commonwealth of Pennsylvania with a mailing address of 1000 Blue Gentian Road, Suite 100, Eagan, MN 55121.

2.    Third Party Defendant, PNC Bank, N.A. (hereinafter "PNC"), is a corporation authorized to do business in the Commonwealth of Pennsylvania with a mailing address of 6750 Miller Road, Brecksville, OH 44141.

3.    On or about April 23, 2007, PNC's predecessor in interest, National City Bank, provided a line of credit to the Debtor up to the maximum principal amount of $50,000.00

1

(hereinafter "PNC line of credit"), which was secured by a mortgage encumbering the Property known as 736 2nd Street, Newell, PA 15466 (hereinafter called "Property"), which mortgage was dated April 23, 2007 and recorded on May 11, 2007 in the Office of the Recorder of Deeds in and for Fayette County, Pennsylvania at Instrument Number 200700006581 (hereinafter "PNC Mortgage").

4. National City Bank ultimately merged with PNC Bank, N.A. so that PNC Bank, N.A., assumed all of the rights, duties, obligations, and benefits of the above-referenced PNC Mortgage and line of credit in favor of the Debtor.

5. On or about August 11, 2009, the Debtor then applied for and received a loan from Wells Fargo in the amount of $69,190.00 in order to refinance, payoff and satisfy the PNC line of credit and PNC Mortgage as well as other debts of Debtor, in exchange for the Debtor's promise to execute a Mortgage in favor of Wells Fargo, which would have first lien position against the Property known as 736 2nd Street, Newell, PA 15466.

6. The Debtor executed the Mortgage in the amount of $69,190.00 in favor of Wells Fargo, encumbering the Property, which was dated August 11, 2009 and recorded on August 19, 2009 in the Office of the Recorder of Deeds in and for Fayette County, Pennsylvania at Instrument Number 200900009878 (hereinafter called "Mortgage").

7. At the time of the closing on the loan between the Debtor and Wells Fargo, Wells Fargo provided the loan proceeds therefor upon the conditions that the outstanding balance on the PNC line of credit was paid off in full, the PNC line of credit was terminated, and the PNC Mortgage was satisfied of record immediately after payoff, so that Wells Fargo's Mortgage would have a first lien against the Property.

8. The loan proceeds provided by Wells Fargo were, in fact, used to pay off the entire outstanding balance on the PNC line of credit and PNC Mortgage as well as other debts of the

Debtor. A copy of the HUD-1 Settlement Statement executed by the Debtor is attached hereto as Exhibit "A."

9. PNC's predecessor in interest, National City Bank, knew that the PNC line of credit should be terminated and that the PNC Mortgage should be satisfied of record after payoff.

10. PNC's predecessor in interest represented to Wells Fargo that it would terminate the line of credit and satisfy the PNC Mortgage after payoff of the same.

11. However, PNC's predecessor in interest intentionally and/or recklessly failed to terminate the line of credit in favor of the Debtor and satisfy the PNC Mortgage of record.

12. Following the payoff of the PNC line of credit and the PNC Mortgage from the loan proceeds provided by Wells Fargo to the Debtor, the Debtor again drew a significant amount of funds from the PNC line of credit.

13. PNC and/or its predecessor in interest effectively allowed the Debtor continue to draw on the line of credit after the payoff of the same when PNC and/or its predecessor in interest failed and/or refused to terminate the line of credit and to satisfy the PNC Mortgage to permit Wells Fargo's Mortgage to hold first lien position against the Property.

14. Therefore, PNC and/or PNC's predecessor in interest failed to mitigate its own damages and claims.

15. If PNC and/or PNC's predecessor in interest had done what it had promised and what it knew Wells Fargo required following the payoff of the PNC Mortgage and line of credit, Wells Fargo's rights and security for the repayment of Wells Fargo's loan to the Debtor would have been protected and Wells Fargo would maintain a secured claim in this Bankruptcy to protect Wells Fargo's interests and claim.

16. Wells Fargo justifiably relied upon the representations of PNC's predecessor in interest that it would terminate the line of credit and satisfy the Mortgage following the closing

and payoff of the same, so that Wells Fargo's Mortgage would have first lien position against the Property as security for repayment of the loan.

17. PNC and/or PNC's predecessor in interest each had a duty to terminate the line of credit and satisfy the Mortgage of record immediately upon the payoff in full of the line of credit.

18. PNC and/or PNC's predecessor in interest breached such duty when PNC and/or PNC's predecessor in interest intentionally and/or recklessly failed and/or refused to terminate the line of credit and to satisfy the PNC Mortgage of record, which has or will cause Wells Fargo to suffer significant damages in the form of an almost complete loss of the loan proceeds provided by Wells Fargo to the Debtor without security for the repayment of such loan.

19. The misrepresentations of PNC and/or PNC's predecessor in interest made to Wells Fargo with respect to the termination of the line of credit and the satisfaction of the PNC Mortgage were the proximate cause of the damages that Wells Fargo has or will incur with respect to its loan to the Debtor and Wells Fargo's Mortgage, unless Wells Fargo is granted the relief requested herein.

20. If this Honorable Court determines that the matters raised by the Debtor in the Debtor's Complaint against Wells Fargo are a "core" proceeding pursuant to 11 U.S.C. § 157 and § 1334, then the matters raised in this Third Party Complaint against PNC Bank are a "core" proceeding pursuant to 11 U.S.C. § 157 and § 1334.

### COUNT I-EQUITABLE SUBROGATION
### Wells Fargo Bank, N.A. v. PNC Bank, N.A.

21. Wells Fargo hereby incorporates Paragraphs 1-20 above by reference herein, as if the same were fully set forth herein.

22. Wells Fargo provided the loan to Debtor and paid off the PNC line of credit and PNC Mortgage upon the condition that Wells Fargo's Mortgage would have a first lien against the

4

Property and PNC's predecessor in interest would terminate and cease all use of the PNC line of credit.

23.  PNC's predecessor in interest knew that it should have terminated the line of credit upon payoff, satisfied the PNC Mortgage of record, and ensured that Wells Fargo's Mortgage should have first lien position against the Property immediately after the closing held on or about August 11, 2009.

24.  PNC's predecessor in interest should have terminated the line of credit and satisfied the PNC Mortgage immediately following the payoff of the PNC line of credit using the loan proceeds received from Wells Fargo.

25.  If this Honorable Court rules that Wells Fargo cannot enforce the Mortgage against the Property and Wells Fargo does not have a secured claim, then Wells Fargo will not have adequate security for the repayment of the loan in the amount of $69,190.00 received by the Debtor and used to pay off the PNC line of credit and the PNC Mortgage encumbering the property as well as other debts of Debtor.

26.  Wells Fargo would not have an indisputable first lien upon the property, which was promised to Wells Fargo and the intent of the parties at the time of execution of the Mortgage.

27.  Wells Fargo will suffer an almost complete loss of the loan proceeds given to Debtor if Wells Fargo's lien is avoided, Wells Fargo's claim no longer has secured status, and the lien of the Mortgage is not applied to the property.

28.  As such, Wells Fargo has an equitable subrogation right to a first lien upon the Debtor's property as security for the Mortgage and repayment of the loan.

WHEREFORE, the Third Party Plaintiff, Wells Fargo Bank, N.A., respectfully requests that this Honorable Court set aside, extinguish, and avoid the lien of the PNC Mortgage against the Property and deem PNC Bank's claim to be unsecured, Wells Fargo's claim to be a secured

claim in the Bankruptcy, and Wells Fargo's Mortgage to be a first lien against the Property or grant Wells Fargo relief from the automatic stay to immediately proceed with litigation of these matters raised in the Debtor's Complaint, Wells Fargo's Answer, New Matter, and Counterclaims, and Wells Fargo's Third Party Complaint in the Court of Common Pleas of Fayette County, Pennsylvania.

## COUNT II-UNJUST ENRICHMENT
### Wells Fargo Bank, N.A. v. PNC Bank, N.A.

29. Wells Fargo hereby incorporates Paragraphs 1-28 above by reference herein, as if the same were fully set forth herein.

30. On or about August 11, 2009, PNC's predecessor in interest received a payoff of the full outstanding balance of the PNC line of credit from the loan proceeds provided by Wells Fargo, upon the condition that the PNC line of credit would be immediately terminated and the PNC Mortgage would be satisfied of record so that the Mortgage in favor of Wells Fargo would hold first lien position against the Property.

31. PNC's predecessor in interest was aware of Wells Fargo's conditions precedent to the payoff of the PNC line of credit from the loan proceeds provided by Wells Fargo and PNC's predecessor in interest accepted the loan proceeds distributed by Wells Fargo to payoff the PNC line of credit.

32. PNC's predecessor in interest failed to uphold its promise to Wells Fargo by failing to terminate the PNC line of credit and satisfy the PNC Mortgage immediately following the payoff of the line of credit, allowing the Debtor to draw additional sums from the line of credit.

33. If this Honorable Court finds that Wells Fargo's Mortgage does not maintain a first lien against the Property as security for the repayment of Wells Fargo's loan to the Debtor by avoiding or subordinating the lien of the PNC Mortgage in favor of Wells Fargo's Mortgage, then

Wells Fargo alleges that PNC Bank will be unjustly enriched by the amount of the payoff received and accepted by PNC's predecessor in interest due to Wells Fargo's lack of superior security interest in the Property.

34. Therefore, this Honorable Court should order that the lien of Wells Fargo's Mortgage is attached and applies to the Property as a first lien against the same and Wells Fargo maintains a secured claim.

WHEREFORE, the Third Party Plaintiff, Wells Fargo Bank, N.A., respectfully requests that this Honorable Court set aside, extinguish, and avoid the lien of the PNC Mortgage against the Property and deem PNC Bank's claim to be unsecured, Wells Fargo's claim to be a secured claim in the Bankruptcy, and Wells Fargo's Mortgage to be a first lien against the Property or grant Wells Fargo relief from the automatic stay to immediately proceed with litigation of these matters raised in the Debtor's Complaint, Wells Fargo's Answer, New Matter, and Counterclaims, and Wells Fargo's Third Party Complaint in the Court of Common Pleas of Fayette County, Pennsylvania.

## COUNT III-FRAUD/BAD FAITH
### Wells Fargo Bank, N.A. v. PNC Bank, N.A.

35. Wells Fargo hereby incorporates Paragraphs 1-34 above by reference herein, as if the same were fully set forth herein.

36. The Debtor used the loan proceeds received from Wells Fargo to payoff the PNC line of credit and the PNC Mortgage and PNC's predecessor in interest accepted and received such payoff.

37. PNC's predecessor in interest failed and/or refused to take the necessary action to ensure that the line of credit was terminated and no longer used and the PNC Mortgage was satisfied following the payoff of the same.

38. PNC's predecessor in interest was aware that the loan proceeds would not have been provided by Wells Fargo if PNC's predecessor in interest did not promise to close out the PNC line of credit and satisfy the PNC Mortgage, ensuring that the Mortgage had first lien position against the Property superior to the lien of any other mortgage or encumbrance against the Property.

39. Wells Fargo justifiably relied upon the representation made to Wells Fargo by PNC's predecessor in interest that PNC's predecessor in interest would terminate the PNC line of credit after payoff of the same using the loan proceeds received from Wells Fargo and that the PNC Mortgage would be satisfied of record.

40. These representations of PNC's predecessor in interest were fraudulent misrepresentations of its intentions following the payoff of the PNC line of credit.

41. The fraudulent misrepresentations were calculated to induce Wells Fargo to provide the loan proceeds to payoff the line of credit so that PNC's predecessor in interest could recoup the outstanding balance on the line of credit.

42. As a result, PNC's predecessor in interest defrauded Wells Fargo by intentionally misrepresenting to Wells Fargo that it would terminate the line of credit after payoff of the same and that the PNC Mortgage would be satisfied.

43. Wells Fargo will suffer an almost complete loss of the loan proceeds provided to the Debtor if this Court grants the relief requested by Debtor and determines that Wells Fargo's Mortgage and claim are completely unsecured.

44. This Court will be rewarding PNC Bank for the fraud and bad faith committed by its predecessor in interest against Wells Fargo to obtain the payoff of the PNC line of credit if the Court grants the relief requested by the Debtor and, in turn, confirms the secured claim held by PNC Bank at the expense of Wells Fargo's claim and Mortgage lien against the Property.

45. Therefore, this Honorable Court should order that the lien of Wells Fargo's Mortgage is attached and applies to the Property as a first lien against the same and Wells Fargo holds a secured claim in this Bankruptcy, while subordinating and/or avoiding the lien of the PNC Mortgage against the Property in favor of Wells Fargo's Mortgage lien.

WHEREFORE, the Third Party Plaintiff, Wells Fargo Bank, N.A., respectfully requests that this Honorable Court set aside, extinguish, and avoid the lien of the PNC Mortgage against the Property and deem PNC Bank's claim to be unsecured, Wells Fargo's claim to be a secured claim in the Bankruptcy, and Wells Fargo's Mortgage to be a first lien against the Property or grant Wells Fargo relief from the automatic stay to immediately proceed with litigation of these matters raised in the Debtor's Complaint, Wells Fargo's Answer, New Matter, and Counterclaims, and Wells Fargo's Third Party Complaint in the Court of Common Pleas of Fayette County, Pennsylvania.

### COUNT IV- MISTAKE
### Wells Fargo Bank, N.A. v. PNC Bank, N.A.

46. Wells Fargo hereby incorporates Paragraphs 1-45 above by reference herein, as if the same were fully set forth herein.

47. PNC Bank and its predecessor in interest were aware that, contrary to the promises made to Wells Fargo at the time of payoff, the line of credit had not been terminated and the PNC Mortgage had not been satisfied, as promised, while PNC and its predecessor in interest knew that Wells Fargo lacked any knowledge of the same following payoff of the line of credit.

48. As a result, in the alternative to the aforementioned claims set forth in this Third Party Complaint, Wells Fargo was unilaterally unaware and mistaken as to the fraudulent and bad faith refusal of PNC Bank and its predecessor in interest to take such actions, contrary to the promises made to Wells Fargo at the time of payoff, which entitles Wells Fargo to subordination

of PNC Bank's Mortgage lien against the Property to the lien of the Mortgage or satisfaction of the PNC Mortgage lien based upon the doctrine of unilateral mistake.

49. Even if the failure of PNC Bank and/or its predecessor in interest to terminate the line of credit and satisfy the PNC Mortgage was inadvertent and a mistake, in the alternative, Wells Fargo avers that Wells Fargo, PNC Bank, and its predecessor in interest were mutually mistaken as to the failure of PNC Bank and/or its predecessor in interest to immediately terminate the line of credit and satisfy the PNC Mortgage, as each party would have believed that such actions had been taken, as promised and intended, before the Debtor drew additional funds from the line of credit.

50. As a result, in the alternative to a unilateral mistake, Wells Fargo would be entitled to subordination of PNC Bank's Mortgage lien against the Property to the lien of the Mortgage or satisfaction of the PNC Mortgage lien based upon the doctrine of mutual mistake.

WHEREFORE, the Third Party Plaintiff, Wells Fargo Bank, N.A., respectfully requests that this Honorable Court set aside, extinguish, and avoid the lien of the PNC Mortgage against the Property and deem PNC Bank's claim to be unsecured, Wells Fargo's claim to be a secured claim in the Bankruptcy, and Wells Fargo's Mortgage to be a first lien against the Property or grant Wells Fargo relief from the automatic stay to immediately proceed with litigation of these matters raised in the Debtor's Complaint, Wells Fargo's Answer, New Matter, and Counterclaims, and Wells Fargo's Third Party Complaint in the Court of Common Pleas of Fayette County, Pennsylvania.

## COUNT IV- QUIET TITLE
## Wells Fargo Bank, N.A. v. PNC Bank, N.A.

51. Wells Fargo hereby incorporates Paragraphs 1-50 above by reference herein, as if the same were fully set forth herein.

52. The following is an abstract of title for the Property:

   a. Nick M. Todaro and Vincent D. Todaro, her husband, acquired title to the Property in Deed dated June 7, 1990, and recorded on June 7, 1990 in the Office of the Recorder of Deeds in and for Fayette County, Pennsylvania, in Record Book Volume 696, at page 140, being the parcel of land situate in the Borough of Newell, Fayette County, Pennsylvania, having a mailing address of 736 2nd Street, Newell, PA 15466, and is designated as Fayette County Tax Parcel ID Number 23-02-0007. Upon information received, the said Vincent D. Todaro passed away on August 30, 2005, passing all of his right, title and interest in the Property to Nick M. Todaro as surviving tenant of the entireties.

   b. Nick M. Todaro pledged her interest in the Property as collateral for an Open-End Mortgage up to the maximum principal sum of $50,000.00 in favor of National City Bank dated April 23, 2007 and recorded on May 11, 2007 in the Office of the Recorder of Deeds in and for Fayette County, Pennsylvania at Instrument Number 200700006581. Upon information received, thereafter, PNC Bank, N.A., became the successor by merger to National City Bank.

   c. Nicki M. Todaro then pledged her interest in the Property as collateral for a Mortgage in favor of Wells Fargo Bank, N.A. in the amount of $69,190.00 in favor of Wells Fargo, encumbering the Property, which was dated August 11, 2009 and recorded on August 19, 2009 in the Office of the Recorder of Deeds in and for Fayette County, Pennsylvania at Instrument Number 200900009878, which was intended to be a first lien against the Property.

53. PNC's predecessor in interest used the loan proceeds distributed by Wells Fargo to pay off the line of credit and to satisfy the PNC Mortgage encumbering the Property.

54. The payoff of the line of credit and the PNC Mortgage was provided upon the condition that PNC's predecessor in interest would terminate the line of credit and satisfy the PNC Mortgage of record, so that Wells Fargo's Mortgage would hold first lien position against the Property.

55. PNC and/or its predecessor in interest failed and/or refused to terminate the line of credit and satisfy the PNC Mortgage, as promised and intended.

56. As such, the abstract of title for the Property contains errors, contrary to the parties' intent and promises, due to the failure of PNC and/or its predecessor in interest to satisfy the PNC Mortgage after receiving the payoff of the line of credit from the loan proceeds provided by Wells

Fargo, which would have resulted in Wells Fargo's Mortgage encumbering the Property as a first lien against the Property, as promised and intended by the parties, and Wells Fargo maintaining a secured claim for the same in the Bankruptcy.

57. Wells Fargo's claim and Mortgage lien against the Property should be superior to PNC Bank's claim and the lien of the PNC Mortgage against the Property and Wells Fargo should retain a secured claim in the Bankruptcy.

WHEREFORE, the Third Party Plaintiff, Wells Fargo Bank, N.A., respectfully requests that this Honorable Court set aside, extinguish, and avoid the lien of the PNC Mortgage against the Property, quiet PNC Bank's claim to the Property, and deem PNC Bank's claim to be unsecured, Wells Fargo's claim to be a secured claim in the Bankruptcy, and Wells Fargo's Mortgage to be a first lien against the Property or grant Wells Fargo relief from the automatic stay to immediately proceed with litigation of these matters raised in the Debtor's Complaint, Wells Fargo's Answer, New Matter, and Counterclaims, and Wells Fargo's Third Party Complaint in the Court of Common Pleas of Fayette County, Pennsylvania.

        Respectfully submitted,
        KING LEGAL GROUP, LLC

        By: /s/ Bradley A. King
            Bradley A. King, Esquire
            PA ID No. 307090
            114 North Maple Avenue
            Greensburg, PA 15601
            (724) 836-1500 (Telephone)
            (724) 836-1668 (Facsimile)
            bking@kinglg.com
            Attorney for Defendant/Third Party
            Plaintiff, Wells Fargo Bank, N.A.

Date: April 29, 2020