File No.: 12372

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Nicki M. Todaro, | : | Case No. 19-23010 CMB |
| | : | |
| Debtor. | : | |
| | : | Chapter No. 13 |
| Nicki M. Todaro, | : | |
| | : | |
| Plaintiff, | : | Adversary No. 20-02035 CMB |
| | : | |
| vs. | : | Related to Document No. 10 |
| | : | |
| Wells Fargo Bank, N.A., | : | |
| | : | |
| Defendant. | : | |

PLAINTIFF'S ANSWER TO DEFENDANT'S AFFIRMATIVE DEFENSES
AND REPLY TO DEFENDANT'S COUNTERCLAIMS

AND NOW, comes Plaintiff, Nicki M. Todaro, through her attorneys, Zebley Mehalov & White, P.C., and Daniel R. White, Esquire, and files the within Answer to Defendant's Affirmative Defenses and Reply to Defendant's Counterclaims as follows:

First Affirmative Defense

8 - 24.  The averments of paragraphs 8 through 24 are legal conclusions to which no response is required.  Should a response be deemed necessary, Plaintiff denies allegations of any fraud, bad faith or fraudulent misrepresentations and demands strict proof thereof.

Second Affirmative Defense

25.  The averments of paragraph 25 are legal conclusions to which no response is required.  Should a response be deemed necessary, Plaintiff denies this defense.

Third Affirmative Defense

26.  The averments of paragraph 26 are legal conclusions to which no response is required.  Should a response be deemed necessary, Plaintiff denies this defense.

### Fourth Affirmative Defense

27. The averments of paragraph 27 are legal conclusions to which no response is required. Should a response be deemed necessary, Plaintiff denies this defense.

### Fifth Affirmative Defense

28. The averments of paragraph 28 are legal conclusions to which no response is required. Should a response be deemed necessary, Plaintiff denies this defense.

### Sixth Affirmative Defense

29. The averments of paragraph 29 are legal conclusions to which no response is required. Should a response be deemed necessary, Plaintiff denies this defense.

### Seventh Affirmative Defense

30-35. The averments of paragraphs 30 through 35 are legal conclusions to which no response is required. Should a response be deemed necessary, Plaintiff denies that the amount of PNC Bank's pre-petition arrearage is equal to or limits the amount of it's first mortgage claim. It is further denied that the market value of Plaintiff's residence exceeds the total amount of PNC Bank's first mortgage claim and strict proof to the contrary is demanded.

### Eighth Affirmative Defense

36. The averments of paragraph 36 are legal conclusions to which no response is required. Should a response be deemed necessary, Plaintiff denies this defense.

### Ninth Affirmative Defense

37- 41. The averments of paragraphs 37 through 41 are legal conclusions to which no response is required. Should a response be deemed necessary, Plaintiff denies this defense.

### Tenth Affirmative Defense

42-45. The averments of paragraphs 42 through 45 are legal conclusions to which no response is required. Should a response be deemed necessary, Plaintiff denies this defense.

### Eleventh Affirmative Defense

46-47. The averments of paragraphs 46 through 47 are directed to a party other than Plaintiff, thus no response is required.

### Twelfth Affirmative Defense

48. The averments of paragraph 48 are legal conclusions to which no response is required. Should a response be deemed necessary, Plaintiff denies this defense.

49. No response required.

WHEREFORE, Plaintiff, Nicki M. Todaro, respectfully requests this Honorable Court deny the Defendant's Affirmative Defenses and enter Judgment in favor of the Plaintiff setting the market value of her residence and determining that Defendant's junior mortgage claim is completely unsecured.

### COUNTERCLAIM - FRAUD/BAD FAITH

50. No response required.

51. The averments of paragraph 51 are denied. By way of further answer the Plaintiff/Debtor never received or had any control of the loan proceeds from Defendant. Defendant employed a settlement agent, Economy Settlement Services, who received the loan proceeds and disbursed any payoff.

52. The averments of paragraph 52 are admitted in part and denied in part. While it is admitted that Plaintiff took no action to ensure the PNC Mortgage Line of Credit was terminated, satisfied and no longer used, it is denied that Plaintiff had an obligation to do so and demands strict proof of the obligation.

53-54. The averments of paragraph 53 through 54 are denied and strict proof there is demanded.

55. The averments of paragraph 55 are legal conclusions to which no response is required. Should a response be deemed necessary, Plaintiff denies the averments and demands strict proof thereof.

56. The averments of paragraph 56 are legal conclusions to which no response is required. Should a response be deemed necessary, Plaintiff denies the averments and demands strict proof thereof.

57. The averments of paragraph 57 are legal conclusions to which no response is required. Should a response be deemed necessary, Plaintiff denies the averments and demands strict proof thereof.

58. The averments of paragraph 58 are legal conclusions to which no response is required. Should a response be deemed necessary, Plaintiff denies the averments and demands strict proof thereof.

59. The averments of paragraph 59 are legal conclusions to which no response is required. Should a response be deemed necessary, Plaintiff denies the averments and demands strict proof thereof.

60. The averments of paragraph 60 are legal conclusions to which no response is required. Should a response be deemed necessary, Plaintiff denies the averments and demands strict proof thereof.

61. The averments of paragraph 61 are legal conclusions to which no response is required. Should a response be deemed necessary, Plaintiff denies the averments and demands strict proof thereof.

62. The averments of paragraph 62 are legal conclusions to which no response is required. Should a response be deemed necessary, Plaintiff denies the averments and demands strict proof thereof.

63. Plaintiff admits that the matters raised in her Complaint and in Defendant's Answer thereto are "core proceedings".

### COUNTERCLAIM - UNJUST ENRICHMENT

64. No response required.

65-69. The averments of paragraphs 65 through 69 are legal conclusions to which no response is required. Should a response be deemed necessary, Plaintiff incorporates the responses to paragraphs 51 through 52.

70. Plaintiff admits that the matters raised in her Complaint and in Defendant's Answer thereto are "core proceedings".

### COUNTERCLAIM - EQUITABLE SUBROGATION

71. No response required.

72-76. The averments of paragraphs 72 through 76 are legal conclusions to which no response is required. Should a response be deemed necessary, Plaintiff incorporates the responses to paragraphs 51 through 52.

77. Plaintiff admits that the matters raised in her Complaint and in Defendant's Answer thereto are "core proceedings".

### COUNTERCLAIM - QUIET TITLE

78. No response required.

79-84. The averments of paragraphs 79 through 84 are legal conclusions to which no response is required. Should a response be deemed necessary, Plaintiff incorporates the responses to paragraphs 51 through 52.

WHEREFORE, Plaintiff, Nicki M. Todaro, respectfully requests this Honorable Court deny the Defendant's Counterclaims and enter Judgment in favor of the Plaintiff setting the market value of her residence and determining that Defendant's junior mortgage claim is completely unsecured.

    ZEBLEY MEHALOV & WHITE, P.C.
BY

/s/ Daniel R. White
Daniel R. White
PA ID NO. 78718
P.O. Box 2123
Uniontown, PA 15401
724-439-9200
Attorney for Debtor/Plaintiff