Modified Third Party CMB Form AP-2

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| **NICKI M. TODARO,** | : | **Bankruptcy No. 19-23010-CMB** |
| | : | |
| **Debtor,** | : | |
| | : | **Chapter 13** |
| **NICKI M. TODARO,** | : | |
| | : | **Adversary No. 20-2035-CMB** |
| **Plaintiff,** | : | |
| v. | : | **Related to Doc No. 15 and 51** |
| | : | |
| | : | |
| **WELLS FARGO BANK, N.A.,** | : | |
| | : | |
| **Defendant** | : | |
| | : | |
| | : | |
| **WELLS FARGO BANK, N.A,** | : | |
| | : | |
| **Third Party Plaintiff,** | : | |
| v. | : | |
| | : | |
| **PNC BANK, N.A.,** | : | |
| | : | |
| | : | |
| **Third Party Defendant.** | : | |

## EARLY CONFERENCE CERTIFICATION AND STIPULATION

The parties to this proceeding submit the following Early Conference Certification and Stipulation and agree that, upon the Court's entry of order approving the terms set forth within, all undisputed terms shall govern pretrial proceedings unless altered by the Court.[1]  Said order shall supersede any prior order governing pretrial proceedings.

---

[1] The Court will independently review the terms of this document set by the parties and may shorten or extend the proposed deadlines, with or without prior notice.

Modified Third Party CMB Form AP-2

**Directions:**    The Early Conference Certification and Stipulation is to be completed in its entirety and signed by all counsel or unrepresented parties to the within matter.   Only one Early Conference Certification and Stipulation is to be submitted and shall be filed by the <u>Third-Party Plaintiff(s)</u> within seven (7) days of the date of the Early Conference of Parties.  If the parties cannot agree on any of the following issues, the parties are directed to identify the objecting parties and set forth the basis for said parties' disagreement.  A date for the First Pretrial Conference shall be assigned by the Court upon the filing of this completed form.  The Court will address any disputed terms at the First Pre-Trial Conference.  Unless amended by the Court, all undisputed terms shall govern pretrial proceedings.  Failure to comply with the undisputed terms may result in the imposition of sanctions, monetary and non-monetary, including, without limitation, entry of an order denying the admission of exhibits, testimony of witnesses, or other appropriate sanctions where noncompliance has caused undue delay, expense and/or prejudice.  **In the event that this matter involves more than two parties, or separate counsel has been retained to represent co-plaintiffs or co-defendants, etc., add additional lines where necessary throughout this document.**

I.    <u>Early Conference of Parties:</u>   Judge Böhm requires that the Early Conference of Parties occur no later than thirty (30) days from the Answer deadline. Answers to the Third-Party Complaint in this matter were due on **March 10, 2021**.   The parties to this case conferred on **March 25, 2021**.

II.  <u>Jurisdiction</u>
   a. _____ This is a core matter, in its entirety, on which the bankruptcy court will enter final judgment.
   b. _____ This is a non-core matter, in its entirety, and the parties hereby state that the bankruptcy court
      i. ___ has their consent to enter final judgment, and this express consent eliminates any need for consideration of any issues that might otherwise be raised by the decision in *Stern v. Marshall*, 131 S.Ct. 2594 (2011).
      ii. ___ does not have their consent to enter final judgment. (See Note regarding briefing requirement below)
   c. _____ The parties cannot agree as to whether this is a core or non-core matter. (See Note regarding briefing requirement below)
   d. __**X**__ This adversary proceeding embraces core and non-core matters as follows:
      **Core matters between Debtor and Wells Fargo are reflected in the Debtor's Complaint.**
      **Non-core matters between Wells Fargo and PNC Bank, N.A. are reflected in the Third Party Complaint.**

2

Modified Third Party CMB Form AP-2

    i. As to those matters that are either stipulated non-core or the parties are in disagreement as being non-core, the bankruptcy court

        1. __**X**__ has the parties' consent to enter final judgment, and this express consent eliminates any need for consideration of any issues that might otherwise be raised by the decision in *Stern v. Marshall*, 131 S.Ct. 2594 (2011).

        2. ___ does not have the parties' consent to enter final judgment. (See Note regarding briefing requirement below)

**Note:** If the parties do not consent to entry of final judgment by this Court on the basis that all or some matters are non-core, the parties shall submit memoranda addressing those issues no later than fourteen (14) days prior to the First Pre-Trial Conference. Thereafter, the Court will rule on the core/non-core character of claims.

## III.  Settlement and Mediation

    a. Settlement
        i. Counsel for Plaintiff(s) hereby certifies that settlement has been discussed with the Plaintiff(s): _____
            (Written or electronic signature)

        ii. Counsel for Defendant(s) hereby certifies that settlement has been discussed with the Defendant(s):_____
            (Written or electronic signature)

        iii. Counsel for Third-Party Defendant(s) hereby certifies that settlement has been discussed with the Third Party Defendant(s):_____
            (Written or electronic signature)

        iv. The status of settlement efforts is as follows: **Parties will continue to discuss potential settlement as discovery progresses.**

    b. Mediation
        i. Counsel for Plaintiff(s) hereby certifies that mediation has been discussed with the Plaintiff(s): _____
            (Written or electronic signature)

Modified Third Party CMB Form AP-2

    ii.  Counsel for Defendant(s) hereby certifies that mediation has been discussed with the Third Party Defendant(s):_____

(Written or electronic signature)

    iii.  Counsel for Third-Party Defendant(s) hereby certifies that mediation has been discussed with the Defendant(s):_____

(Written or electronic signature)

    iv.  This matter _____ has/ __**X**____ has not been formally mediated.

    v.  The parties _____ are/ __**X**____ are not seeking mediation at this time.

## IV. Discovery

    a.  <u>Disclosures</u>. (select one)

        i.  ___ *Default Schedule*: The parties shall make the initial disclosures in accordance with the provisions of Fed. R. Bankr. P. 7026.

        ii.  __**X**__ The parties agree to amend the default schedule for disclosures as follows:

**Disclosures will be made by 5/27/21.**

    b.  Discovery shall be initiated sufficiently in advance of the deadline so as to be timely completed by the deadline.  Unless otherwise ordered by the Court, the total number of written interrogatories submitted by a party shall not exceed thirty (30) questions, including subparts. In accordance with Fed.R.Bankr.P. 7005, the depositions upon oral examination and interrogatories, requests for documents, requests for admission, and answers and responses thereto are not to be filed unless pursuant to an Order of Court or for use in a proceeding in this case.

Select one:

__**X**____ The parties have agreed on the discovery plan as set forth below.

_____ The parties have not agreed on the following discovery plan. The parties have set forth their disagreements and reasons for each party's position.

The parties jointly propose to the court the following discovery plan:

Modified Third Party CMB Form AP-2

(Reminder: Use separate paragraphs or subparagraphs as necessary if parties disagree.)

    i.  All discovery shall be completed by **September 1, 2021**

    ii.  *If applicable*, Discovery on _____(issue for early discovery) to be completed by _____.

    iii.  Maximum of ____**45**____ interrogatories by each party to any other party. Responses are due **30** days after service.

    iv.  Maximum of ____**20**____ requests for admission(s) by each party to any other party. Responses due **30** days after service.

    v.  Maximum of **5** depositions by plaintiff(s) and **5** by defendant(s) and **5** by third-party defendant(s).
        1.  Each deposition is limited to a maximum of **4** hours unless extended by agreement of parties.
        2.  Exceptions, if applicable:_____

    vi.  Reports from retained experts under Fed. R. Bankr. P. 7026(a)(2) due:
        1.  From plaintiff(s) by **July 15, 2021**
        2.  From defendant(s) by **July 15, 2021**
        3.  From third-party defendant(s) by **July 15, 2021**

    vii.  Supplementations under Fed. R. Bankr. P. 7026(e) due (time(s) or interval(s)) _____.

V. <u>Miscellaneous Issues.</u>  ( Reminder: Use separate paragraphs or subparagraphs as necessary if parties disagree)

  a.  Plaintiff(s) shall be allowed until **August 1, 2021** to join additional parties and until **August 1, 2021** to amend the pleadings.

  b.  Defendant(s) shall be allowed until **August 1, 2021** to join additional parties and until **August 1, 2021** to amend the pleadings.

  c.  Third-Party Defendant(s) shall be allowed until **August 1, 2021** to join additional parties and until **August 1, 2021** to amend pleadings.

  d.  Does either party anticipate joining an additional party: ___ yes/__**X**__ no

  e.  Does either party anticipate amending a pleading(s): ___ yes/__**X**__ no

Modified Third Party CMB Form AP-2

 

    f.  All potentially dispositive motions, including motions for summary judgment, should be filed by **September 30, 2021**.

    g.  Does either party anticipate filing dispositive motions: __X__ yes/_____ no

 

VI. <u>Trial</u>.  (The Court recognizes that the estimates below concerning time, witnesses, and exhibits may change as the case proceeds.)

    a.  The Plaintiff(s) anticipates to be ready for trial by **30 days after resolution of dispositive motions**.
    b.  The Defendant(s) anticipates to be ready for trial by **30 days after resolution of dispositive motions**.
    c.  The Third-Party Defendant(s) anticipates to be ready for trial by **30 days after resolution of dispositive motions.**
    d.  Estimation of time required to present each party's side of the case at trial including rebuttal stage, if applicable.
        i.  Plaintiff(s): **½ day**
        ii.  Defendant(s): **2 days**
        iii.  Third-Party Defendant(s): **2 days**

    e.  Estimation of number of witnesses each party will present at trial including opposing parties, if applicable.
        i.  Plaintiff(s): **2**
        ii.  Defendant(s): **3**
        iii.  Third-Party Defendant(s): **2**

    f.  Estimation of number of exhibits each party will present at trial, including opposing parties' exhibits, if applicable.
        i.  Plaintiff(s): **5**
        ii.  Defendant(s): **10-15**
        iii.  Third-Party Defendant(s): **10**

    g.  <u>Demand for Jury Trial</u>

        i.  __X____ No party seeks a jury trial
        ii.  _____ The Plaintiff(s) demands a jury trial
        iii.  _____ The Defendant(s) demands a jury trial
        iv.  _____ The Third-Party Defendant(s) demands a jury trial._

        v.  The parties __X__ agree ___ disagree re: jury entitlement. <u>Note:</u> Disagreements re: jury entitlement will be addressed at the First Pretrial Conference and determined immediately thereafter, unless the parties convince the Court that the issue should be resolved earlier.

Modified Third Party CMB Form AP-2

      vi.  If a jury trial is warranted, the parties ___ consent ___ do not consent to jury trial in the bankruptcy court.

VII.    <u>Statement of Legal Issues</u>

**Debtor alleges that Wells Fargo's claim should be deemed unsecured under 11 U.S.C. § 506(d), because the value of the property does not exceed the amount of PNC Bank's first mortgage lien against the property. In response, Wells Fargo alleges that the PNC Mortgage lien against the property should be subordinated to the lien of Wells Fargo's Mortgage and PNC's claim to the title to the property be quieted in favor of Wells Fargo's claim, because the PNC Mortgage should have been satisfied of record and the PNC line of credit closed upon the payoff of the same with the Wells Fargo loan.  Wells Fargo has alleged that the failure to satisfy the PNC Mortgage, close the PNC line of credit, and the continuing use of the line of credit by the Debtor resulted from fraud, bad faith, or a mutual mistake, allowing the PNC Mortgage lien to be set aside or subordinated to the Wells Fargo Mortgage lien against the property. Wells Fargo has also alleged alternatively that it should be entitled to equitable subrogation and an equitable first lien against the property as a result of the payoff of the PNC line of credit.**

VIII.    <u>Concise Statement of Factual Issues (50 Words or Less)</u>

**Whether the value of the property exceeds the amount of the first mortgage lien.**

**Whether Debtor paid off the PNC Mortgage using loan proceeds received from Wells Fargo.**

**Whether PNC's predecessor was aware that its Mortgage should have been satisfied and/or the line of credit terminated upon payoff**.

IX.    <u>Stipulation:</u>  The parties, through counsel, shall engage in a good faith effort to stipulate to all facts and legal issues as to which there is no actual dispute. To the extent that the parties can agree at this time, the following facts are stipulated.

Modified Third Party CMB Form AP-2

X.  Additional Comments of Parties:

Dated 3/31/2021 by Bradley A. King, Esquire, counsel for the Defendant/Third Party Plaintiff, Wells Fargo Bank, N.A.

Dated 3/31/2021 by Brian C. Nicholas, Esquire, counsel for Third Party Defendant, PNC Bank, N.A.

Dated 3/31/2021 by Daniel R. White, Esquire, counsel for Debtor, Nicki M. Todaro