# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>Nicki M. Todaro,<br>                Debtor/Plaintiff,<br>   vs.<br><br>Wells Fargo Bank, N.A.,<br>                Defendant.<br><br>Wells Fargo Bank, N.A.,<br>                Third Party Plaintiff,<br>   vs.<br><br>PNC Bank, N.A.,<br>                Third Party Defendant. | Case No. 19-23010-CMB<br><br>Chapter No. 13<br><br>Adversary No. 20-02035-CMB<br><br>Related to Document Nos. 1, 10, 11, 24, 50 |

## **STIPULATION OF FACTS AND DOCUMENTS**

Nicki M. Todaro, ("the Debtor"), and Wells Fargo Bank, N.A. ("Wells Fargo") and PNC Bank, N.A. ("PNC"), by and through their respective undersigned Counsel, hereby stipulate and agree as follows:

1. The Debtor and Vincent D. Todaro, the Debtor's husband, acquired title to the real property located at 736 2nd Street in Newell, Pennsylvania through a Deed dated June 7, 1990, and recorded on June 7, 1990, in the Office of the Recorder of Deeds in and for Fayette County, Pennsylvania, in Record Book Volume 696, at page 140, being the parcel of land situated in the Borough of Newell, Fayette County, Pennsylvania, having a mailing address of 736 2nd Street, Newell, PA 15466, and is designated as Fayette County Tax Parcel ID Number 23-02-0007 (the "Property").

2. Vincent D. Todaro passed away on August 30, 2005, passing all of his right, title, and interest in the Property to the Debtor as surviving tenant of the entireties.

3. The Debtor is the current owner, and at all relevant times hereto has been the owner, of the Property, and she has, at all times relevant hereto, used the residence located on the Property as her primary residence.

4. On or about April 23, 2007, PNC's predecessor in interest, National City Bank ("National City"), provided a line of credit to the Debtor up to the maximum principal amount of $50,000.00 (the "PNC line of credit" or the "line of credit").

5. In connection with the line of credit, the Debtor executed an Equity Reserve Agreement with National City dated April 23, 2007 (the "PNC Agreement"). A true and correct copy of the Agreement is attached hereto as Exhibit A.

6. The Debtor's obligations under the Agreement were secured by a mortgage, executed by the Debtor, encumbering the Property (the "PNC Mortgage"). The PNC Mortgage was dated April 23, 2007, and recorded on May 11, 2007, in the Office of the Recorder of Deeds in and for Fayette County, Pennsylvania at Instrument Number 200700006581. A true and correct copy of the PNC Mortgage is attached hereto as Exhibit B.

7. After the Debtor executed both the PNC Mortgage and the PNC Agreement in favor of National City, National City merged with and into PNC such that PNC assumed all of the rights, duties, obligations, and benefits of National City under the PNC Mortgage, the PNC Agreement, and the line of credit.

8. As of July 23, 2009, the Debtor's balance on the PNC line of credit was $50,019.66.

9. In response to a request made by or on behalf of the Debtor, National City issued a payoff letter to the Debtor on August 3, 2009 ("Payoff Letter"). A true and correct copy of the Payoff Letter is attached hereto as Exhibit G. As shown on Exhibit G, the Payoff Letter includes a line item for "Prepayment penalty" in the amount of $350.00. The parties have not located any other revised, amended, or corrected payoff letter that was issued at that time.

10. On or about August 11, 2009, the Debtor executed and submitted a Loan Application to apply for a loan from Wells Fargo in the amount of $69,190.00 ("Loan Application"). A true and correct copy of the Loan Application is attached hereto as Exhibit C.

11. Following the submission of the Debtor's Loan Application, Wells Fargo issued a Commitment Letter to the Debtor, which was received by the Debtor. A true and correct copy of the Commitment Letter is attached hereto as Exhibit D.

12. In connection with the loan transaction reflected in the Commitment Letter (the "Wells Fargo Loan"), the Debtor executed a mortgage in the amount of $69,190.00 in favor of Wells Fargo, encumbering the Property (the "Wells Fargo Mortgage"). The Wells Fargo Mortgage was dated August 11, 2009, and recorded on August 19, 2009, in the Office of the Recorder of Deeds in and for Fayette County, Pennsylvania at Instrument Number 200900009878. A true and correct copy of the Wells Fargo Mortgage is attached hereto as Exhibit E.

13. The Debtor also executed a note in the amount of $69,190.00 in favor of Wells Fargo on or about August 11, 2009 (the "Wells Fargo Note"). A true and accurate copy of the Wells Fargo Note is attached hereto as Exhibit F.

14. A HUD-1A Settlement Statement was prepared in connection with the closing of the Wells Fargo Loan (the "Settlement Statement"). A true and correct copy of the Settlement Statement is attached hereto as Exhibit H. The Settlement Statement accurately identifies various disbursements made in connection with the closing of the Wells Fargo Loan.

15. The Debtor's agreement and understanding with Wells Fargo was that Wells Fargo would payoff the PNC line of credit from the loan proceeds provided by Wells Fargo on behalf of the Debtor in exchange for the Debtor granting Wells Fargo a mortgage on her residence and executing a note reflecting the loan payment terms.

16. As reflected on the Settlement Statement, Wells Fargo disbursed $50,481.66 to National City on August 18, 2009, via a branch payment ("Branch Payment"). In disbursing these funds, it was Wells Fargo's intention to pay the payoff amount and prepayment penalty set forth in the Payoff Letter issued by National City.

17. When National City received the Branch Payment, it applied the funds to the Debtor's line of credit account. After National City applied the Branch Payment to the line of credit, the Debtor's balance on the line of credit was –$354.73 as reflected on the attached as Exhibits I, which are true and correct copies of statements prepared by National City and sent to the Debtor reflecting the activity on the Debtor's line of credit account.

18. The parties have not located any written request or written instruction that was sent by Debtor or anyone on behalf of Debtor to National City or PNC which directed the line of credit to be terminated or otherwise frozen, closed, or canceled.

19. National City did not close the line of credit upon receipt of the Branch Payment. Accordingly, the line of credit remained open.

20. The PNC Mortgage was never satisfied of record. Accordingly, the PNC Mortgage remains of record.

21. Following the Branch Payment, the Debtor obtained further advances from the PNC line of credit beginning on September 9, 2009.

22. The Debtor has failed to repay the PNC line of credit and the Debtor has failed to repay the loan provided by Wells Fargo. The Debtor is therefore currently in default under the terms of both the PNC Mortgage and the Wells Fargo Mortgage.

**INTENDING TO BE LEGALLY BOUND, WE HAVE EXECUTED THIS STIPULATION ON THE 2nd DAY OF MAY, 2022.**


By: */s/ Daniel R. White*
    Daniel R. White, Esquire, PA ID 89819
    Zebley, Mehalov & White, PC
    P.O. Box 2123
    Uniontown, PA 15401
    Phone: (724) 439-9200
    Fax: (724) 439-8435
    Email: dwhite@zeblaw.com
    Counsel for the Debtor, Nicki M. Todaro


By: */s/ Bradley A. King*
    Bradley A. King, Esquire, PA ID 307090
    King Legal Group, LLC
    114 N. Maple Ave.
    Greensburg, PA 15601
    Phone: (724) 836-1500
    Fax: (724) 836-1668
    Email: bking@kinglg.com
    Counsel for Defendant/Third Party Plaintiff,
    Wells Fargo Bank, N.A.


By: */s/ Michael P. Oliverio*
    Michael P. Oliverio, Esquire, PA Bar No. 209399
    VORYS SATER SEYMOUR AND PEASE LLP
    500 Grant Street #4900
    Pittsburgh, PA 15219
    Phone: 412.904.7698
    Fax: 412.904.7801
    Email: mpoliverio@vorys.com
    Counsel for Third Party Defendant, PNC Bank, N.A.